IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**BILLY RAY BURGE, JR**                                                   **PLAINTIFF**
#2762

V.                  Case No. 3:25-CV-00184-JM-BBM

**DOE; and SHARP COUNTY**
**DETENTION CENTER**                                                **DEFENDANTS**

## **ORDER**

The Court takes judicial notice of *Burge v. Doe*, 3:25-CV-00185-LPR-JTK ("*Burge I*")—a case submitted by Plaintiff Billy Ray Burge, Jr. on the same day he initiated this separate action, *Burge v. Doe*, 3:25-CV-00184-JM-BBM ("*Burge II*").

Burge is an inmate in the Independence County Detention Center. As such, to proceed with his civil cases, he must "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint...*obtained from the appropriate official*." 28 U.S.C. § 1915(a)(2) (emphasis added). In both *Burge I* and *Burge II*, Burge submitted the required documentation, purportedly completed by the Independence County Jail Administrator, "Jennifer Sanders." *Burge I*, (Doc. 8 at 2–3); *Burge II*, (Doc. 4 at 3–4). And he was granted *in forma pauperis* ("IFP") status. *Burge I*, (Doc. 10); *Burge II*, (Doc. 5).

However, in *Burge I*, Jail Administrator Jenniffer Sanders notified the Court that she had *not* completed the documentation submitted by Burge. And his IFP status was revoked in that case. *Burge I*, (Doc. 12). Having carefully reviewed the IFP Motion in this

case, *Burge II,* (Doc. 4), the Court finds that it was also inappropriately completed on Administrator Jenniffer Sanders's behalf and thus, improvidently granted.

IT IS THEREFORE ORDERED THAT:

1. The Court's Order granting IFP in this case, (Doc. 5), is withdrawn, and Burge's IFP status is revoked.

2. The Clerk is directed to send Burge a blank IFP Motion, including the necessary Certificate and Calculation Sheet.

3. If Burge wishes to proceed with this action, he must, within thirty (30) days of the date of this Order, either (1) pay the $405 administrative and filing fee in full <u>or</u> (2) complete and sign the IFP Motion—including an initial filing fee Calculation Sheet or a Certificate of Prisoner Trust Account that has been **completed by an authorized detention center official**—and return it to the clerk.

4. Detention center officials are directed to assist Burge in completing the Certificate and Calculation Sheet.

5. **If Burge does not timely and properly comply with this Order, this case may be dismissed without prejudice, pursuant to Local Rule 5.5(c)(2).**[1]

6. The Clerk is directed to send a copy of this Order to the Administrator of the Independence County Detention Center.

---

[1] Submitting falsified documentation to the Court may also be grounds for Rule 11 sanctions—up to and including dismissal of the case with prejudice. *See* Fed. R. Civ. P. 11; *Pope v. Fed. Exp. Corp.*, 49 F.3d 1327, 1328 (8th Cir. 1995) (Rule 11 monetary sanctions imposed for knowingly offering a falsified document into evidence); *Carman v. Treat*, 7 F.3d 1379, 1380 (8th Cir. 1993) (*pro se* inmates' civil rights actions may be dismissed with prejudice for blatant misrepresentations or filing motions that are "not well grounded in fact").

SO ORDERED this 29th day of October, 2025.

_____
UNITED STATES MAGISTRATE JUDGE