IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

BILLY RAY BURGE, JR                                                    PLAINTIFF
#2762

V.                          Case No. 3:25-CV-00184-JM-BBM

DOE; and SHARP COUNTY DETENTION
CENTER                                                              DEFENDANTS

## <u>RECOMMENDED DISPOSITION</u>

The following Recommended Disposition ("Recommendation") has been sent to

United States District Judge James M. Moody Jr. You may file written objections to all or

part of this Recommendation. If you do so, those objections must: (1) specifically explain

the factual and/or legal basis for your objection; and (2) be received by the Clerk of this

Court within 14 days of the date of this Recommendation. If you do not file objections,

Judge Moody may adopt this Recommendation without independently reviewing all of the

evidence in the record. By not objecting, you may waive the right to appeal questions of

fact.

## I.    INTRODUCTION

On September 10, 2025, Plaintiff Billy Ray Burge, Jr., an inmate incarcerated in the

Independence County Detention Facility, filed a *pro se* Complaint under 42 U.S.C. § 1983.

(Doc. 1). Two Amended Complaints followed. (Doc. 3); (Doc. 7). The Court conducted an

initial screening of the operative Second Amended Complaint, (Doc. 7),[1] pursuant to the

---

[1] Burge was previously placed on notice that an amended complaint supersedes all previous pleadings. *See* (Doc. 2 at 2) (citing *In re Atlas Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000)).

Prison Litigation Reform Act ("PLRA")[2] and noted several deficiencies in Burge's pleading. (Doc. 12). Burge was given leave to file another amended complaint and placed on notice that if he did not file an amended complaint, the Court would proceed to screen his operative Second Amended Complaint. *Id*. at 5.

Burge failed to file an amended complaint, and the time to do so has passed. (Doc. 12 at 5). Accordingly, the Court will proceed with screening his Second Amended Complaint, (Doc. 7). 28 U.S.C. § 1915A(a).

## II.   ALLEGATIONS

Burge claims that, during a previous incarceration in the Sharp County Detention Center, he was denied his prescription suboxone medication, which he has been on for over ten years. (Doc. 7 at 4).  He asserts that he went through detox and withdrawals, but "they" refused him medical attention. *Id.* He also alleges that, one night, he had a stroke. *Id.* Burge filed grievances but never received a response. *Id.* He also complains that the detention center "does not have a doctor or nurse on hand." *Id.*

Burge names the Sharp County Detention Center as the only Defendant,[3] which he purports to sue in its individual and official capacities. (Doc. 7 at 1–2). He seeks compensatory damages. *Id.* at 5.

---

[2] The PLRA requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b). When making this determination, the Court must accept the truth of the factual allegations contained in the complaint, and it may consider the documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

[3] Although Burge's first letter Complaint, (Doc. 1), was construed to raise a claim against a "Doe" defendant, no such defendant is named in the operative complaint.

### III. DISCUSSION

To survive pre-service screening under the PLRA, a "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[L]abels and conclusions," a "formulaic recitation of the elements of a cause of action," and "naked assertions devoid of further factual enhancement" are insufficient to plead a plausible claim. *Id*. Further, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). However, "[a] pro se complaint must be liberally construed," and courts "should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 849 (8th Cir. 2014) (cleaned up; citations omitted); *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (citation omitted).

Liberally construing Burge's allegations, he raises medical-deliberate-indifference and official-capacity claims. However, Burge's Second Amended Complaint suffers a fundamental defect: he names the Sharp County Detention Center as the only Defendant. It is well settled that a county detention facility is *not* a legal entity that can be sued in a § 1983 action. *See Owens v. Scott County Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003); *LaDeaux v. Woodbury Cnty. Jail,* 857 F. App'x 892, 893 (8th Cir. 2021) (per curiam). Accordingly, Burge fails to state a claim for relief against the only named Defendant.

## IV.   CONCLUSION

IT IS THEREFORE RECOMMENDED THAT:

1.      Burge's Second Amended Complaint, (Doc. 7), be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

2.      The Court RECOMMEND that the dismissal count as a "strike" for the purposes of the Prison Litigation Reform Act. 28 U.S.C. § 1915(g).

3.      The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommendation would not be taken in good faith.

DATED this 13th day of May, 2026.

Benicia Moore
_____
UNITED STATES MAGISTRATE JUDGE